COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Beales and Senior Judge Annunziata


NANCYROSE P. CLARK

                                                    MEMORANDUM OPINION[*]
v.        Record No. 0191-10-2                          PER CURIAM
                                                     DECEMBER 7, 2010
RICHMOND DEPARTMENT
  OF SOCIAL SERVICES


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                            T. J. Markow, Judge

            (Maureen L. White; Dale Margolin; University of Richmond Family
            Law Clinic, on briefs), for appellant.

            (Kate O'Leary, Senior Assistant City Attorney; Pauline M. Ewald,
            Guardian *ad litem* for the minor child, on brief), for appellee.


        Nancyrose P. Clark (mother) appeals an order terminating the parental rights to her child.

Mother argues that the trial court erred in terminating her parental rights to her child because the

Richmond Department of Social Services (the Department) failed to prove by clear and convincing

evidence that the termination was in the best interests of the child.  Upon reviewing the record and

briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily

affirm the decision of the trial court.  See Rule 5A:27.

                                    BACKGROUND

        We view the evidence in the light most favorable to the prevailing party below and grant

to it all reasonable inferences fairly deducible therefrom.  See Logan v. Fairfax County Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Mother has had seven children. The first child is now an adult and is raising mother's second child, who was removed from mother's care due to abuse. There was evidence that the second child suffered from shaken baby syndrome. Another one of mother's children died when the child was four years old. The child was diagnosed with shaken baby syndrome when she was six months old and remained in a persistent vegetative state until she died. A fourth child was removed from mother's care due to physical abuse and resides with the child's father. Mother had twins in 2005, and they were removed from her care when they were three months old. On December 20, 2007, a court in New Jersey terminated mother's parental rights to the twins.

On February 18, 2008, mother gave birth to the child at issue in this matter. On February 29, 2008, the Department removed the child from mother's care.

On June 15, 2009, the Richmond Juvenile and Domestic Relations District Court entered an order terminating mother's parental rights, and mother appealed. On October 19, 2009, the trial court conducted a *de novo* hearing.[1] On November 23, 2009, the trial court entered an order terminating mother's parental rights pursuant to Code § 16.1-283(E)(i). This appeal followed.[2]

## ANALYSIS

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Martin v. Pittsylvania County Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986) (citations omitted).

---

[1] Mother failed to file a transcript or statement of facts for the October 19, 2009 hearing.

[2] Appellant's attorney, Maureen White, filed the opening brief and appendix. Subsequently, Dale Margolin noted an appearance as counsel for appellant. Margolin was not substituted as counsel. Margolin filed a motion for an extension of time to file an opening brief and appendix. Upon consideration whereof, the motion is denied; Margolin has given no justification for disregarding the opening brief filed by White, who is counsel of record.

When considering termination of parental rights, "the paramount consideration of a trial court is the child's best interests." Logan, 13 Va. App. at 128, 409 S.E.2d at 463.

Mother argues that the trial court erred in terminating her parental rights because the Department did not prove with clear and convincing evidence that the termination was in the child's best interests. Mother contends she was cooperative with the Department, she maintained contact with the social worker, she completed a parenting class, she regularly visited the child, she maintained suitable housing, and she was consistently employed. She acknowledges that the Department proved that her parental rights to her other children have been terminated, but she asserts that the Department did not prove that it was in the child's best interests to terminate her parental rights.

> The residual parental rights of a parent . . . of a child who is in the custody of a local board . . . may be terminated by the court if the court finds, based upon clear and convincing evidence, that it is in the best interests of the child and that . . . the residual parental rights of the parent regarding a sibling of the child have previously been involuntarily terminated . . . .

Code § 16.1-283(E)(i).

Here, the evidence proved that six out of seven of mother's children were removed from her. Several of the children suffered from shaken baby syndrome and abuse. As recently as two months prior to this child's birth, a court in New Jersey terminated mother's parental rights to her twins. The New Jersey court order, entered on December 20, 2007, explains in detail why mother's parental rights were terminated to her twins, i.e. there was expert opinion that mother could not "safely parent now or in the foreseeable future even with supervision." Several experts concluded that mother suffered from narcissistic personality disorder and had problems with anger and rage. The New Jersey court concluded that termination of parental rights to the twins was in their best interests.

- 3 -

In June 2008, mother underwent a court-ordered psychological evaluation with respect to this child. The evaluator concluded that mother has a "short temper as she can become easily angered. She has a history of harsh interactions with her children and often not providing the proper environment for them." The evaluator diagnosed her with narcissistic personality disorder. The evaluator also noted that she had little awareness to consequences and to her role in the removal of her children.

Mother has a history of abusing and causing harm to her children. "'[P]ast actions and relationships over a meaningful period serve as good indicators of what the future may be expected to hold.'" Linkous v. Kingery, 10 Va. App. 45, 56, 390 S.E.2d 188, 194 (1990) (quoting Frye v. Spotte, 4 Va. App. 530, 536, 359 S.E.2d 315, 319 (1987)).

The evidence was sufficient to find that it was in the child's best interests for mother's parental rights to be terminated.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.